**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CIVIL ACTION NO.: 4:17-CV-01150-RBH-KDW**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>          **Plaintiff,**<br><br>**and**<br><br>**TRACY FRYE and CINDY FRYE,**<br><br>          **Plaintiffs-Intervenors,**<br><br>     **v.**<br><br>**GREEN APPLE, LLC D/B/A APPLEBEE'S NEIGHBORHOOD GRILL AND BAR, NEW APPLE, INC., and APPLE GOLD, INC. D/B/A APPLE GOLD GROUP,**<br><br>          **Defendants.** | **JOINT STIPULATION OF FACTS AND DISMISSAL OF DEFENDANTS GREEN APPLE, LLC and APPLE GOLD, INC.** |

Plaintiff Equal Employment Opportunity Commission (the "EEOC"), Plaintiffs-Intervenors Tracy Frye and Cindy Frye (collective, the "Fryes"), and Defendants Green Apple, LLC ("Green Apple"), New Apple, Inc. ("New Apple") and Apple Gold, Inc. ("Apple Gold") (collectively "Defendants") hereby stipulate to the following:

1. Prior to the filing of this lawsuit, New Apple had actual and or constructive notice of the initial filing of the charges, which underlie this lawsuit, filed by Claimants Tracy and Cindy Frye by and through New Apple's agent, Robert Stolz.

2. Prior to the filing of this lawsuit, New Apple had actual and or constructive notice of the Letter of Determination for both Claimants' charges finding reasonable cause to believe that Title VII was violated, and inviting New Apple to join with the Commission in informal

1

methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief, by and through New Apple's agent, Robert Stolz.

3. Prior to the filing of this lawsuit, New Apple had a full and fair opportunity to conciliate the charge underlying this lawsuit by and through its agent, Robert Stolz.

4. Prior to the filing of this lawsuit, New Apple had actual and/or constructive notice of a Notice of Failure of Conciliation on both of the Claimants' charges advising that the Commission was unable to secure from Defendant a conciliation agreement that was acceptable to the Commission by and through New Apple's agent, Robert Stolz.

5. The jurisdictional "naming requirement," as identified by the Fourth Circuit in *Alvarado v. Bd. of Trustees*, 848 F.2d 457, 458-59 (4th Cir. 1988), has been satisfied for Defendant New Apple for both Claimants in this lawsuit, by and through its agent Robert Stolz.

6. New Apple employed over 500 employees for 20 or more calendar weeks during the period dating from January 1, 2013 to December 31, 2014.

7. At all times relevant to the Plaintiff's First Amended Complaint and Plaintiffs-Intervenors' First Amended Complaint, the Fryes were employed by New Apple. New Apple has continuously had at least 15 employees. New Apple is the properly named Defendant in this lawsuit.

8. The Fryes have never been employed by Green Apple or Apple Gold. Green Apple and Apple Gold are incorrectly named as Defendants in this lawsuit.

9. Apple Gold Group is a trade name for New Apple, Gold Apple, and Apple Gold. All references in documents and employment policies to Apple Gold Group are references to New Apple, Gold Apple, and Apple Gold.

10. On July 24, 2015, Robert Stolz submitted a written statement to the EEOC in response to Tracy Frye's charge of discrimination on behalf of "Green Apple, LLC d/b/a Applebee's Neighborhood Grill and Bar." Mr. Stolz incorrectly identified Tracy Frye's employer as Green Apple. Tracy Frye's correct employer was New Apple.

11. On July 24, 2015, Robert Stolz submitted a written statement to the EEOC in response to Cindy Frye's charge of discrimination on behalf of "Green Apple, LLC d/b/a Applebee's Neighborhood Grill and Bar." Mr. Stolz incorrectly identified Cindy Frye's employer as Green Apple. Cindy Frye's correct employer was New Apple.

12. Green Apple was incorrectly identified as the Frye's employer during the EEOC administrative investigation. The properly named employer should have been New Apple, and New Apple had notice of all applicable EEOC proceedings. Accordingly, all conditions precedent to the institution of this lawsuit against New Apple have been met and the parties stipulate that New Apple is the properly named Defendant in this lawsuit.

13. Based on the foregoing, and pursuant to Fed R. Civ. P. 41(a), the EEOC, the Fryes, and the Defendants hereby jointly stipulate that the following parties shall be dismissed from this action, without prejudice: Green Apple, LLC and Apple Gold, Inc.

14. All claims and defenses are reserved by the parties.

Dated this 30th day of November, 2017.

| /s/ *Rachel Steenbergh* | /s/ *Leon Ortener* | /s/ *Amanda Pickens* |
|---|---|---|
| RACHAEL STEENBERGH<br>S.C. Federal Bar No. 10867<br>Trial Attorney<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, NC 28202<br>Telephone: (704) 954-6472<br>Facsimile: (704) 954-6412<br>rachael.steenbergh@eeoc.gov<br><br>*Attorney for Plaintiff* | LEON M. ORTNER<br>S.C. Federal Bar No. 2937<br>ORTNER LAW FIRM, LLC<br>145 King Street, Suite 211<br>Charleston, SC 29401<br>Telephone: (843) 723-2944<br>Facsimile: (843) 556-5755<br>lee@ortnerlawfirm.com<br><br>*Attorney for Plaintiffs-Intervenors* | BRIAN L. CHURCH<br>S.C. Federal Bar No. 11074<br>bchurch@robinsonbradshaw.com<br><br>AMANDA R. PICKENS<br>S.C. Federal Bar No. 101834<br>apickens@robinsonbradshaw.com<br><br>CHARLES JOHNSON<br>(admitted *pro hac vice*)<br>N.C. Bar No. 9890<br>cejohnson@robinsonbradshaw.com<br><br>ROBINSON, BRADSHAW & HINSON, P.A.<br>101 N. Tryon St., Ste. 1900<br>Charlotte, NC 28246<br>Telephone: 704.377.2536<br>Facsimile: 704.378.4000<br><br>*Attorneys for Defendants Green Apple, LLC, New Apple, Inc., and Apple Gold, Inc.* |