**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | **CIVIL ACTION NO. 4:17-cv-01150-AMQ-KDW** |
| **Plaintiff,** | ) ) | |
| **and** | ) ) | |
| **TRACY FRYE and CINDY FRYE,** | ) ) | **CONSENT DECREE** |
| **Plaintiffs-Intervenors,** | ) ) | |
| **v.** | ) ) | |
| **NEW APPLE, INC.,** | ) ) | |
| **Defendant.** | ) ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged New Apple, Inc. discriminated against Cindy Frye and Tracy Frye (collectively "Plaintiffs-Intervenors") by subjecting them to a sexually hostile work environment because of their sex, female, at its restaurant located at 1571 Highway 17N, North Myrtle Beach, South Carolina 29597 ("North Myrtle Beach restaurant"). Thereafter, Cindy Frye and Tracy Frye intervened, through counsel, alleging violations of Title VII.

The Commission, Plaintiffs-Intervenors Cindy Frye and Tracy Frye, and Defendant New Apple, Inc. hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 20 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.      For purposes of this Consent Decree, the phrase "South Carolina Restaurants" shall refer to any and all Applebee's Grill and Bar restaurants within the state of South Carolina owned or operated by Defendant. At the time of execution of this Consent Decree, Defendant owns and/or operates the following South Carolina restaurants: Myrtle Beach, Conway, Hartsville, Moncks Corner, and Florence.  In the event that Defendant acquires or begins to operate any new Applebee's Grill and Bar restaurant(s) in the state of South Carolina or Defendant closes or ceases operating any Applebee's Grill and Bar restaurant in the state of South Carolina which it later reopens and/or resumes operating, Defendant will provide notice to the Commission within ten (10) days of acquisition/beginning of operations/resumption of operations, and the provisions of this Decree shall be immediately applicable to said restaurant(s). Likewise, in the event that Defendant ceases to own or operate any Applebee's Grill and Bar restaurant in the state of South Carolina, Defendant will provide notice to the Commission within ten (10) days of cessation of ownership/operation.

2.      Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII, including by subjecting them to a sexually hostile work environment.

3.      Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

4.      Defendant shall pay the total sum of seventy-five thousand dollars ($75,000) in settlement of the claims raised in this action.  Payment shall be made as follows: (a) a check in the amount of $21,446.94 payable to "Tracy Frye" for claims related to her compensatory damages (reported on an IRS Form 1099); (b) a check in the amount of $21,370.43 payable to "Cindy Frye" for claims related to her compensatory damages (reported on an IRS Form 1099); and (c) a check in the amount of $32,182.63 payable to "Ortner Law Firm, LLC" for costs and attorney's fees (reported on an IRS Form 1099). Defendant shall mail the checks to Leon Ortner, Esq. at Ortner Law Firm, LLC, 145 King Street, Suite 211, Charleston, South Carolina 29401. Payment shall be made within ten (10) calendar days after the Court approves this Consent Decree.  Within ten (10) calendar days after the checks have been sent, Defendant shall send to the Commission a copy of the checks and proof of delivery to Mr. Ortner. Neither the Commission, attorney for Tracy Frye and Cindy Frye, nor Defendant make any representation or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Cindy Frye or Tracy Frye may or may not incur on such payments under local, state and/or federal law.

5.      Within ten (10) calendar days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Cindy Frye any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 436-2015-00860 and the related events that occurred thereafter, including this litigation. Within fifteen (15) calendar days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

6.      Within ten (10) calendar days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Tracy Frye any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 436-2015-00859 and the related events that occurred thereafter, including this litigation. Within fifteen (15) calendar days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

7.      Within forty-five (45) calendar days of the entry of this Consent Decree by the Court, Defendant shall revise (1) all electronic versions of its written sexual harassment policy, and (2) Defendant's standalone written sexual harassment policy signed at the initiation of employment to include the following: an explanation of Title VII, including its prohibition against sexual harassment and retaliation in the workplace.  Defendant shall begin to distribute a copy of the revised electronic version of the policy to all new employees via talentReef or its virtual talent management system within sixty (60) days of entry of this Consent Decree, and Defendant will distribute paper hard copies of this policy to all existing employees within sixty (60) calendar days of the entry of this Consent Decree.  Within sixty (60) calendar days of the entry of this decree, Defendant shall report compliance with this paragraph to the Commission.

4

During the term of this Consent Decree, Defendant shall distribute the revised sexual harassment policy to all new employees and review it with them at the time of hire.

8.    Defendant certifies that it updated its employee handbook in January 2018. Within eighteen (18) months of entry of this Consent Decree by the Court, Defendant shall revise the written sexual harassment policy in its employee handbook to comport with changes made to its online sexual harassment policy as set forth in paragraph 7 above.  Specifically, Defendant shall revise said policy to include an explanation of Title VII, including its prohibition against sexual harassment and retaliation in the workplace.  Within fifteen (15) days of the revision, Defendant shall make available the revised handbook to all current employees and shall report compliance with this paragraph to the Commission.

9.    During the term of this Consent Decree, Defendant shall post a copy of the revised sexual harassment policy described in paragraph 7, *supra*, at each employee communications board located in Defendant's South Carolina Restaurants in a place visible to employees.  If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy.  Within sixty (60) calendar days after the Consent Decree is entered, Defendant will post the revised sexual harassment policy and notify the Commission that it has been posted.

10.    Defendant shall develop and maintain during the first year of this Consent Decree an auditing process that will assist Defendant with identifying and addressing actual or potential sex harassment in its South Carolina restaurants. The auditing process will include, at a minimum, the following:

        a. A requirement that either a district manager and/or member of Defendant's human resources department (hereinafter designated as "auditor") audit at least one (1) South Carolina restaurant per quarter.  Each South Carolina restaurant

5

must be audited at least one (1) time within fifteen (15) months following the entry of this Consent Decree.

b.  A requirement that auditors use a standard company-approved assessment to determine whether conduct that violates Defendant's sexual harassment policy is occurring or has occurred at the restaurant.

c.  A requirement that auditors obtain information from a random sample of at least six (6) employees per audit. The sample shall include at least one (1) manager, at least one (1) "neighborhood expert," at least one (1) kitchen staff member, at least one (1) server, and at least one (1) bartender.

d.  A requirement that auditors create and maintain detailed records of each audit, to include at a minimum: (i) date of audit; (ii) restaurant that is the subject of the audit; (iii) identity of auditor; (iv) identity of each employee participating in the audit; and (v) a detailed and thorough summary of all information obtained during the audit.

e.  A requirement that Defendant thoroughly investigate and remedy all actual or potential sex harassment identified as a result of each audit, if any.

Defendant's auditing process shall be developed and deployed within ninety (90) calendar days after entry of this Consent Decree by the Court. Within one hundred (100) calendar days of the entry of this decree, Defendant shall report compliance to the Commission.

Defendant shall report compliance with the auditing requirements set forth in this paragraph pursuant to the reporting provisions contained in paragraph 13(A).

11.    Defendant shall provide a work place civility training program to all area directors, general managers, assistant general managers, and assistant managers employed at

Defendant's South Carolina restaurants. The training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964 and its prohibition against sexual harassment and retaliation in the workplace. The training program shall also include an explanation of Defendant's revised sexual harassment policy referenced in paragraph 7, *supra*; an explanation of the rights and responsibilities of employees and managers under Defendant's revised sexual harassment policy; and an explanation of Defendant's auditing process referenced in paragraph 10, *supra*.

Within sixty (60) calendar days after entry of this Consent Decree by the Court, Defendant shall deliver by telephonic, electronic, or videoconferencing means an initial training program to all area directors, general managers, assistant general managers, and assistant managers employed at all South Carolina restaurants. At least fifteen (15) calendar days prior to the initial program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) calendar days of submission of the agenda. Within ten (10) calendar days after completion of the initial training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

Following the initial telephonic, electronic, or videoconference training, Defendant will conduct a second in-person training at each South Carolina Restaurant at the time of the respective restaurant's audit, as described at paragraph 10, *supra*. At least fifteen (15) calendar days prior to the first in-restaurant training, Defendant shall submit to the Commission an agenda for the in-restaurant training program by electronic mail sent to EEOC-CTDO-decree-

monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) calendar days of submission of the agenda. Within ten (10) calendar days after completion of each in-store training, Defendant shall certify to the Commission the specific training which was undertaken, the location, of the training, and shall provide the Commission with a roster of all employees in attendance.

12.     Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked as Exhibit A, hereby made a part of this Consent Decree, at each employee communications board located in Defendant's South Carolina Restaurants in a place visible to employees.   If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) calendar days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

13.     During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree.  The reports will include the following information regarding the audit process described at paragraph 10, *supra*:

> A.     A list of all restaurants audited pursuant to Defendant's auditing process referenced in paragraph 10, *supra*;
>
> B.     A copy of all records created in connection with said audits; and
>
> C.     The full name, last-known address, last-known phone number, and last-known email address of each individual who participated in any audit identified in response to ¶ 13(A).

The reports will further include the following information regarding complaints of sexual harassment:

        D.        The identities of all individuals who have complained of sex-based conduct or comments to Defendant, including by way of identification each person's full name, last-known address, last-known phone number, and last-known email address;

        E.        For each individual identified ¶ 13(D), above, provide the name and job title of the person whose conduct or comments were the subject of the complaint, the date of the complaint, the name of the individual to whom the individual complained, a detailed description of the conduct or comments complained of, and a detailed description of any action Defendant took in response to the complaint; and

        F.        For each individual identified ¶ 13(D), above, state whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time), and provide a detailed explanation for the employment status change.

Defendant shall provide the social security number of any and all individual(s) identified in response to ¶ 13(C) and ¶ 13(D) within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

14.      The Commission may review compliance with this Consent Decree. As part of such review, upon at least seventy-two (72) hours' notice, the Commission may inspect Defendant's Raleigh, North Carolina headquarters and any South Carolina Restaurant; interview employees; and examine and copy documents. The Commission may enter any South Carolina restaurant without advance notice for the purpose of inspecting the postings required by paragraphs 9 and 12, above.

15.    If any time during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant.  Defendant shall have twenty-one (21) days in which to investigate and respond to the allegations.  Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

16.    The term of this Consent Decree shall be for two (2) years from its entry by the Court or until Defendant ceases ownership and operation of all Applebee's Grill and Bar restaurants within the state of South Carolina, whichever occurs first. In the event that Defendant ceases ownership and operation of all Applebee's Grill and Bar restaurants within the state of South Carolina prior to the expiration of this Consent Decree, all of Defendant's remaining obligations under this Consent Decree shall be suspended.  If Defendant subsequently resumes ownership or operation of any Applebee's Grill and Bar restaurants within the state of South Carolina, all remaining obligations under this Consent Decree shall resume immediately and continue for the duration of the term of the Consent Decree.

17.    All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Charles Johnson at cejohnson@robinsonbradshaw.com.  If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

18.    All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-

monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal

Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC  28202.

19.    Each party shall bear its own costs and attorney's fees, except as otherwise

provided herein.

20.    This Court shall retain jurisdiction of this cause for purposes of monitoring

compliance with this Decree and entry of such further orders as may be necessary or appropriate.


s/A.Marvin Quattlebaum
**Honorable A. Marvin Quattlebaum, Jr.**
U.S. District Judge
District of South Carolina


August 1, 2018
Greenville, South Carolina

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff**

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE A. BARNES (NC Bar #19732)
Acting District Director
Charlotte District Office

KARA GIBBON HADEN
Acting Regional Attorney
Charlotte District Office

YLDA MARISOL KOPKA
Supervisory Trial Attorney
Charlotte District Office

**s/ *Rachael S. Steenbergh-Tideswell***
RACHAEL S. STEENBERGH-TIDESWELL
South Carolina Federal Bar No. 10867
Senior Trial Attorney
Charlotte District Office
Telephone: (704) 954-6472
Facsimile: (704) 954-6412
Email: rachael.steenbergh@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

and

**TRACY FRYE and CINDY FRYE, Plaintiffs-Intervenors**

**s/*Leon Martin Ortner***
LEON MARTIN ORTNER
ORTNER LAW FIRM, LLC

**NEW APPLE, INC., Defendant**

s/ Amanda P. Nitto
AMANDA PICKENS NITTO
S.C. Federal Bar No. 101834
anitto@robinsonbradshaw.com

CHARLES E. JOHNSON
(admitted *pro hac vice*)
N.C. Bar No. 9890
cejohnson@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon St., Ste. 1900
Charlotte, NC 28246
Telephone: 704.377.2536
Facsimile: 704.378.4000

*Attorneys for Defendant New Apple, Inc.*

145 King Street, Suite 211
Charleston, S.C. 29401
Telephone: (843) 723-2944
Facsimile: (843) 556-5755
Email: lee@ortnerlawfirm.com
Federal ID No.: 2937

**ATTORNEY FOR PLAINTIFFS-
INTERVENORS**